# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| E.R., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:18CV148 RLW |
| ) | |
| MID-AMERICA TRANSPLANT ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mid-America Transplant Services' Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, for More Definite Statement Pursuant to Rule 12(e). (ECF No. 7) The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court grants Defendant's motion.

## I. Background

This case stems from the alleged lack of treatment and subsequent death of Michael Robinson ("Robinson") while in the custody of the Pemiscot County Jail. (Compl. ¶ 31, ECF No. 1) Robinson suffered from diabetes and required insulin shots. (*Id.* at ¶ 29) Robinson's surviving family members ("Plaintiffs") allege that Pemiscot County and certain individual employees of the Pemiscot County Jail ("County Defendants") denied medical treatment which resulted in Robinson's death in violation of several Constitutional rights and Missouri law.

Specific to the present motion to dismiss, Robinson was transported to the Pemiscot Memorial Hospital Emergency Intake Center and admitted. (*Id.* at ¶ 54) Robinson was placed on life support with elevated glucose levels and a body temperature of 80 degrees. (*Id.* at ¶¶ 55, 58) Attempts to revive Robinson were unsuccessful. (*Id.* at ¶ 58) Robinson was then transferred to St. Francis Memorial Hospital ("St. Francis") in Cape Girardeau, Missouri to confirm whether any brain activity could be detected. (*Id.* at ¶ 60) No brain activity was detected, and Robinson's family consented to take Robinson's body off life support. (*Id.* at ¶ 61)

Because Robinson was an organ donor, a team of organ transplant specialists from Defendant Mid-America Transplant Services ("MTS") arrived St. Francis and determined that Robinson's organs had too much deterioration and were not suitable for organ donation. (*Id.* at ¶¶ 62-63) In their Complaint filed August 15, 2017,[1] Plaintiffs allege that MTS negligently failed to comply with the Uniform Anatomical Gift Act, Mo. Rev. Stat. §§ 194.210, *et seq.* ("UAGA"). (*Id.* at ¶¶ 138-142) Plaintiffs claim that MTS "should have acted reasonably to avoid, or foresee, the risk that said DEFENDANTS . . . would expose reasonably foreseeable persons, such as plaintiffs, to reasonably foreseeable risks of harm or injury." (*Id.* at ¶ 140) Plaintiffs further allege that MTS breached its duty of care by not acting reasonably by "failing to timely communicate the nature and scope of organ harvesting it proposed to perform on Mr. Robinson; failing to

---

[1] Plaintiffs originally filed their Complaint in the Eastern Division of the Eastern District of Missouri. On June 15, 2018, United States District Judge Henry E. Autrey granted Defendants' Motion to Transfer the Case to the Southeastern Division, at which time the case was reassigned to this Court. (ECF No. 23)

2

obtain timely family consent; failing to timely engage in harvesting procedures; and failing to otherwise observe the standard of care pertaining to Plaintiffs' interests under Mo. Rev. Stat. § 194.210 *et seq.*" (*Id.* at ¶ 141) Plaintiffs contend that these breaches of duty were the proximate and actual causes of injury to the Plaintiffs and seek "damages for loss of love, services, companionship, comfort, instruction, guidance, counsel, training, and support." (*Id.* at ¶ 142)

On December 1, 2017, Defendant MTS filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for a more definite statement under Rule 12(e). MTS asserts that Plaintiffs have failed to state a claim under the UAGA and that the claims asserted against MTS in Plaintiffs' Ninth Claim for Relief are too vague to enable MTS to respond.

## II. Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

3

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

In addition, under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

### III. Discussion

Defendant MTS first argues that the Ninth Claim for Relief, which is the only count against MTS, should be dismissed under Rule 12(b)(6) because Plaintiffs have

4

failed to state a claim under the UAGA. Plaintiffs respond that they have sufficiently pled that MTS breached its duty of care under the UAGA, thereby injuring Plaintiffs. The Court finds that Plaintiffs have failed to state a plausible claim under the UAGA.

The facts taken from Plaintiffs' Complaint state that MTS did *not* harvest Robinson's organs because they were too deteriorated. (Compl. ¶¶ 62-63, 141) The specific provisions of the UAGA cited by Plaintiffs refer to conducting a reasonable examination to ensure the medical suitability of an organ that could be the subject of an anatomical gift. Mo. Rev. Stat. § 194.265.3. Plaintiffs' own pleading demonstrates that MTS conducted such examination and determined that the organs were not suitable for donation.[2] (Compl. ¶ 63) Further, Plaintiffs' response in opposition appears to claim that the donor body parts were improperly removed in violation of the UAGA. Nothing in Plaintiffs' Complaint indicates any removal of donor body parts.

Finally, while Plaintiffs assert that they have stated a claim for negligent failure to comply with the UAGA, the Court finds that Plaintiffs merely provide threadbare conclusions that do not rise to the level of a plausible cause of action. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[2] The Court finds that very little case law exists regarding the interpretation of the UAGA. However, in *Schembre v. Mid-America Transplant Ass'n*, the Missouri Court of Appeals found that MTS had "a duty to follow the requirements set forth under the UAGA in order to complete a valid organ donation." 135 S.W.3d 527, 531 (Mo. Ct. App. 2004). Defendant MTS asserts, and the Court agrees, that the UAGA applies to compliance procedures a procurement organization must follow when it decides to procure an organ donation, not when it fails to procure such donation. *See* Mo. Rev. Stat. § 194.214 (the UAGA applies "to an anatomical gift or amendment to, revocation of, or refusal to make an anatomical gift, *whenever made*") (emphasis supplied).

5

not do." *Twombly*, 550 U.S. at 555. Here, Plaintiffs provide no factual allegations to support their claim that MTS violated the UAGA. Indeed, the only facts presented by Plaintiffs is that MTS arrived at St. Francis and called a family member to inform her that it was unable to salvage Robinson's organs because they were too deteriorated. (Compl. ¶¶ 62-63) Plaintiffs then jump to the conclusion that these acts constituted a breach of MTS's duty of care under the UAGA. (Compl. ¶ 141) Even the most liberal construction of Plaintiffs' claim demonstrates a failure to state a plausible claim for relief. Therefore, the Court concludes that dismissal under Rule 12(b)(6) is warranted.

Although Plaintiffs vigorously assert that they have sufficiently stated a cause of action for violation of the UAGA, as a last ditch effort to save their claim against MTS Plaintiffs request in their concluding paragraph that the Court grant Plaintiffs leave to provide a more definite statement. However, the Court notes that Plaintiffs have not filed a proper motion for leave to amend, nor have they submitted a proposed amended complaint. "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir.1985). "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) (citations omitted); *see also Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1030 (8th Cir. 2011) (stating that while

leave to amend should be freely granted under Fed. R. Civ. P. 15, requesting leave to amend in the event of dismissal is insufficient). Because Plaintiffs have failed to follow this critical procedural step, their request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mid-America Transplant Services' Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, for More Definite Statement Pursuant to Rule 12(e) (ECF No. 7) is **GRANTED** and Plaintiffs' cause of action against Defendant Mid-America Transplant Services is **DISMISSED** for failure to state a claim. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 31st day of August, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**