# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| E.R., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:18CV148 RLW |
| | ) |
| MID-AMERICA TRANSPLANT SERVICES, | ) |
| TOMMY GREENWELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Clerk's Default (ECF No. 38) The motion is fully briefed and ready for disposition. Upon review of the relevant pleadings and the entire record, the Court finds that Defendant Terry Armstrong ("Armstrong") was not properly served. Therefore, the Court will direct Plaintiffs to effectuate proper service on Defendant Armstrong.

The present case involves a federal lawsuit brought by surviving family members against Pemiscot County and certain individual employees of Pemiscot County and the Pemiscot County Sheriff's Department. Defendant Armstrong was an employee of the Pemiscot County Sheriff's Department at the time of the alleged incident and at the time the Complaint was filed. In their motion, Plaintiffs contend that Armstrong was properly served on November 14, 2017 under Rule 4 of the Federal Rules of Civil Procedure when Defendant Sheriff Tommy Greenwell ("Sheriff Greenwell") accepted service of the summons and complaint. Rule 4 allows an individual to be served by "delivering a copy [of the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

Plaintiffs assert that Sheriff Greenwell legally and routinely accepts service on behalf of his deputies and subordinates such that service upon Armstrong was proper.

However, Sheriff Greenwell has submitted a sworn affidavit indicating that on the date of service Armstrong was not an employee of the Pemiscot County Sheriff's Department, and instead had moved to California on October 15, 2017. (Greenwell Aff. ¶¶ 4-5, ECF No. 44-1) Thus, Sheriff Greenwell did not have the authority to accept service on behalf of Defendant Armstrong. (*Id.* at ¶ 5) The affidavit also notes that Armstrong has returned to employment with the Pemiscot County Sheriff's Department as of March 16, 2018. (*Id.* at ¶ 8)

The Court finds that service has not been properly effectuated upon Armstrong. Defendant Armstrong was not an employee of Pemiscot County or Pemiscot County Sheriff's Department on November 14, 2017, and Sheriff Greenwell was not authorized to receive service for Armstrong on that date. However, due to the apparent confusion regarding service in this matter, the Court will allow Plaintiffs additional time to effectuate proper service of the summons and complaint upon Defendant Armstrong.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall properly serve Defendant Terry Armstrong with summons and a copy of the complaint within twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Clerk's Default (ECF No. 38) is **DENIED** as **MOOT.**

Dated this 18th day of April, 2019.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

2